IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-05-GMS |
| | ) | |
| AUSTREBURTO ZURITA-ESTRADA | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ferris W. Wharton, Assistant United States Attorney for the District of Delaware, and the defendant, Austreburto Zurita-Estrada, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One the Indictment, which charges him with Re-Entry After Deportation in violation of 8 U.S.C. §1326(a) and (b) (2), which carries a maximum  maximum sentence of a term of imprisonment of 20 years, a fine of $250,000, or both, three years of supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove, with respect to Re-Enrty After Deportation that: (1) the defendant is an alien; (2) on or about May 21, 2002, the defendant was deported and removed from the United States following his conviction for an aggravated felony; (3) on or about June 17, 2004, the defendant was found in the United States; (4) the defendant was knowingly in the United States

unlawfully; and (5) neither the Attorney General, nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to the defendant's re-application for admission.

3.  The defendant recognizes that an advisory sentence will be determined pursuant to the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The United States represents to the defendant that based on the information available, the United States believes that his offense level (before acceptance of responsibility) should be 24.  See SG §§ 2L1.2(a) and (b)(1)(A)  (Defendant convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months), and that it has no objection to a three-level reduction for acceptance of responsibility based on the defendant's conduct to date. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea. The defendant further understands that, while the sentencing judge is not bound by the guidelines, the sentencing judge must consult the guidelines and take them into account when imposing the defendant's sentence.

4.  The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

5. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

6. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____          BY: _____
Eleni Kousoulis, Esquire                 Ferris W. Wharton
Attorney for Defendant                   Assistant United States Attorney


_____
Austreburto Zurita-Estrada,
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
United States District Judge

3